**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1694-18T2

YUSUF IBRAHIM, a/k/a
YUSUT IBRAHIM, YUSEF F.
IBRAHIM, YUSIF IBRAHIM,
YUSLIF IBRAHIM and YUSEF
IBRAHIM, and YUSUF MESHAL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 2, 2020 – Decided December 30, 2020

Before Judges Whipple and Firko.

On appeal from the New Jersey Department of Corrections.

Yusuf Ibrahim, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Travis M. Anderson, Deputy Attorney General, on the brief).

PER CURIAM

Yusuf Ibrahim, an inmate at New Jersey State Prison (NJSP), appeals from the November 5, 2018 final determination of the Department of Corrections (DOC) adjudicating him guilty of prohibited act *.005, threatening another with bodily harm or with any offense against his or her person or his or her property in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii). We affirm.

I.

The following facts are derived from the record. On September 18, 2018 at approximately 1:30 p.m., during mental health assessment rounds, Ibrahim requested a meeting with a mental health clinician because of his concerns about having a cellmate instead of being placed in a single lock prison cell. According to Ibrahim, he suffers from a number of psychological disorders, including intermittent explosive disorder.

In response to Ibrahim's request, Dr. Flora DeFilippo and Officer D. Cieri entered Ibrahim's jail cell. During this visit, Ibrahim threatened to "beat [his] cellmate to death given the slightest reason," and referred to his convictions for murder and dismemberment. On September 19, 2018, Sergeant J. DeJesus issued a written disciplinary report charging Ibrahim with committing prohibited act *.005. Ibrahim was placed in pre-hearing disciplinary housing, pending

A-1694-18T2

medical clearance. A corrections sergeant delivered a copy of the disciplinary report to Ibrahim on September 19, 2018. An investigation was conducted, and the matter was referred to a hearing officer.

A disciplinary hearing was scheduled and postponed pending Ibrahim's mental health evaluation. The second scheduled hearing was postponed because further investigation was needed. Ultimately, the disciplinary hearing began on September 26, 2018. At the hearing, Ibrahim was represented by counsel substitute and pled not guilty to the charge. The Disciplinary Hearing Officer permitted Ibrahim to have four witnesses testify to support his claim: Officer Cieri; his cellmate Chireno; and two inmates, Conley and McCedon.

Officer Cieri stated that Ibrahim's prison cell was secured, and he did not overhear the conversation between appellant and Dr. DeFilippo. Chireno stated that Ibrahim conversed with Dr. DeFilippo in a "very polite manner" and requested to be in a single lock cell because he was concerned about "sexual assault." Conley and McCedon declined to provide statements. Ibrahim stated at the hearing he only told Dr. DeFilippo about his fear of being "sexually assaulted" and requested to be placed in a single locked cell.

The hearing officer reviewed the record of the charge, the testimony, and the evidence, including Ibrahim's mental health report, and found him guilty of

committing disciplinary infraction *.005 by threatening bodily harm.  The hearing officer imposed a sanction of 120 days of administrative segregation, 120 days' loss of commutation time, and thirty days' loss of recreational privileges.  Ibrahim appealed the decision.  On October 5, 2018, the Associate Administrator denied Ibrahim's appeal and upheld the hearing officer's decision.

On March 16, 2020, respondent New Jersey Department of Corrections moved for a remand to address whether Ibrahim requested or was offered the opportunity to confront adverse witnesses.  Line fifteen of the adjudication report states, "[l]ist of adverse witnesses the inmate requests to confront/cross-examine including those requested through the investigator" was left blank.  We granted the motion for remand, and the hearing officer provided a memo attesting that Ibrahim was offered but declined the opportunity to confront adverse witnesses.

## II.

Our review of a final agency decision is limited.  Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record as a whole.  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if

it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). "[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Figueroa, 414 N.J. Super. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J Super. 544, 562 (App. Div. 2002)).

We review a disciplinary decision to determine whether there is substantial evidence in the record to support the hearing officer's finding that the inmate committed a prohibited act. We also review the hearing officer's proceedings to ensure the inmate received procedural due process. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995). However, we "may not substitute [our]

5

own factfinding for that of the agency." <u>Tlumac v. High Bridge Stone</u>, 187 N.J. 567, 573 (2006). We can overturn a decision only when it is "so wide off the mark as to be manifestly mistaken." <u>Ibid.</u>

Here, the hearing officer's decision finding defendant guilty of disciplinary infraction *.005 in violation of N.J.A.C. 10A:4-4.1(a) was not arbitrary or capricious. The decision is supported by substantial credible evidence in the record, and Ibrahim received all the procedural protections to which he was entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1694-18T2